IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROY EUGENE BRYANT,                )
                                  )
                Petitioner,       )
                                  )
        v.                        )    1:08CV181
                                  )
THEODIS BECK,                     )
                                  )
                Respondent.       )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF MAGISTRATE JUDGE ELIASON

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 21, 2002, in the Superior Court of Forsyth County, Petitioner was convicted by a jury of failing to register as a sex offender and being a habitual felon in cases 01 CRS 60165 and 02 CRS 1454. He was sentenced to 133 to 169 months of imprisonment. Petitioner filed a direct appeal, and initially met with success. The North Carolina Court of Appeals reversed his convictions. However, the North Carolina Supreme Court later reversed that decision and remanded the case for further rulings. On August 1, 2006, the North Carolina Court of Appeals issued an unpublished decision finding no error. State v. Bryant, 163 N.C. App. 478, 594 S.E.2d 202 (2004), reversed and remanded by, 359 N.C. 554, 614 S.E.2d 479 (2005), on remand, 2006 WL 2129508, 178 N.C. App. 742, 632 S.E.2d 599 (2006). Petitioner made no further filings in the state courts. Instead, his next attempt at relief was a habeas petition mailed to this Court on February 13, 2008 [1:08CV118]. That

petition was dismissed for procedural defects and the present petition was then filed. Respondent seeks to have the petition dismissed.

## **Discussion**

Respondent requests dismissal on the ground that the petition was filed[1] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2244(d)(1). The AEDPA amendments apply to petitions filed under § 2254 after April 24, 1996. Lindh v. Murphy, 521 U.S. 320 (1997).

Interpretations of the limitation periods found in 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). The limitation period ordinarily starts running from the date when the judgment of conviction became final at the end of direct review. Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). Finality has been construed to mean when a petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court; or, (2) the expiration of the time to file such a petition. Clay v. United States, 537 U.S. 522 (2003); Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002). Where no direct appeal is filed, the conviction becomes final when the time for filing a notice of appeal expires. See Clay.

---

[1] A petition is filed by a prisoner when the petition is delivered to prison authorities for mailing. Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999).

Here, the last decision in Petitioner's direct appeal was entered on August 1, 2006. As Respondent notes, he could have proceeded with another request for discretionary review to the North Carolina Supreme Court. However, he did not, and his time to do so expired thirty-five days later. N.C. R. App. P. 14(a), 15(b), 32(b); Saquilar v. Harkleroad, 348 F. Supp. 2d 595 (M.D.N.C. 2004). Respondent asserts, and Petitioner does not dispute, that his conviction became final on September 5, 2006 and that his time to file his federal habeas petition under AEDPA began to run on that day. Petitioner's first attempt at relief in this Court was not submitted until more than seventeen months later on February 13, 2008. Nothing else appearing, his petition is time-barred.

The one-year limitation period can be tolled while state post-conviction proceedings are pending. Harris, supra. The suspension is for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). Petitioner admits that he did not seek any collateral relief in the states courts. Therefore, no tolling based on attempts at state court collateral relief is applicable.

Not only does Petitioner agree that he did not seek state court collateral relief, he actually does not appear to disagree with any part of the analysis set out to this point. Still, he does still seek to have his petition heard by making arguments in

-3-

favor of the application of equitable tolling. He states that his petition should be deemed timely because he is an indigent layman with a ninth grade education, North Carolina prisons do not maintain law libraries or allow inmates to give legal assistance to one another, North Carolina Prisoner Legal Services, Inc. (NCPLS) refused to help him file his petition, and NCPLS did not provide him with research, copies, or help in preparing documents.

The Fourth Circuit, as well as a number of courts, have held that the one-year limitation period is subject to equitable tolling. Harris, supra; Sandvik, 177 F.3d at 1271 (collecting cases). Equitable tolling may apply when a petitioner has been unable to assert claims because of wrongful conduct of the state or its officers. A second exception is when there are extraordinary circumstances, such as when events are beyond the prisoner's control and the prisoner has been pursuing his rights diligently. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Harris, supra; Akins v. United States, 204 F.3d 1086 (11th Cir. 2000). Circumstances are beyond a prisoner's control if he has been prevented in some extraordinary way from exercising his rights. See Smith v. McGinnis, 208 F.3d 13 (2d Cir. 2000). This might occur where a prisoner is actively misled or otherwise prevented in some extraordinary way from exercising his rights. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). On the other hand, unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling. Harris, supra; Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.

1999). Likewise, mistake of counsel does not serve as a ground for equitable tolling. Taliani v. Chrans, 189 F.3d 597 (7th Cir. 1999); Sandvik, 177 F.3d 1269. Nor are prison conditions, such as lockdowns or misplacement of legal papers, normally grounds for equitable tolling. Akins, 204 F.3d 1086. Waiting years to raise claims in state court and months to raise them in federal court shows lack of due diligence. Pace, supra. Finally, in order to show diligence, the prisoner must show diligence not merely at the federal level, but throughout the entire post-conviction process in order to have equitable tolling available to him. Coleman, 184 F.3d at 402.

The arguments made by Petitioner fall well short of what is necessary for equitable tolling. As already stated, indigence and ignorance of the law are not sufficient. Harris, supra; Turner, supra. As for the absence of prison libraries, the presence of NCPLS means that North Carolina is not required to provide them. Williams v. Leeke, 584 F.2d 1336, 1330-40 (4th Cir. 1978)(libraries not needed where legal assistance is available); United States v. Neely, 63 Fed. Appx. 671, 672 (4th Cir. 2003)(both libraries and access to counsel not required).

Nor can Petitioner place the blame for his late filing on NCPLS. Petitioner states in his response brief that he first contacted NCPLS on March 1, 2007. (Docket No. 10 at 4.) This means that he waited for about seven months before even making any attempt at getting assistance. He also states that NCPLS twice informed him that it would not file a habeas petition in his case

by April 25, 2007. (Id. at 4-5.) Petitioner then waited more than nine more months to attempt to file in this Court. While he claims that the lack of a library and help from NCPLS hindered this filing, he does not explain why he could not have made it sooner.[2] His timely response to the motion to dismiss shows that, whatever difficulties he may face, Petitioner has the ability to file appropriate documents in a prompt manner in this Court. However, he did not submit his petition in a timely manner. Petitioner has not set out grounds that entitle him to equitable tolling and, in any event, has not shown diligence in pursuing his claims in this Court. His petition should be dismissed for being filed out of time under AEDPA.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (Docket No. 6) be granted, that the habeas petition (Docket No. 2) be dismissed, and that Judgment be entered dismissing this action.

/s/ Russell A. Eliason
**United States Magistrate Judge**

July 30, 2008

---

[2] Petitioner alleges without proof that NCPLS incorrectly advised him in April of 2007 that his AEDPA limitation period had already expired. Even if true, this does not aid his case. Again, mistake of counsel is not ordinarily grounds for equitable tolling. More importantly, Petitioner was not deterred from filing the present petition. It is not clear why the erroneous advice would have deterred him before the period actually expired, but not after.

-6-